UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LYKINS OIL COMPANY,
    Plaintiff,

v.

HOSKINS OIL COMPANY, LLC, et al.,
    Defendants

Case No. 1:14-cv-832
Bertelsman, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

    Plaintiff Lykins Oil Company obtained a default judgment against defendants Jeff Hoskins, Hoskins Oil Company, LLC, and Legacy Transport, LLC (Doc. 11) and the judgment has not been paid in full. This matter is before the Court for a Report and Recommendation and Certification of Facts to the District Court regarding defendant Jeff Hoskins' failure to appear before the undersigned magistrate judge for a show cause hearing on why he should not be held in contempt of court for his failure to appear for a judgment debtor examination.

    For the reasons that follow, it is recommended that a show cause order be issued to defendant Jeff Hoskins to appear before the district judge on a date certain and show cause why he should not be held in contempt of this Court.

**I. MAGISTRATE JUDGE'S AUTHORITY ON MOTION FOR CONTEMPT**

    Section 636(e) of the United States Magistrate Judges Act governs the contempt authority of magistrate judges. 28 U.S.C. § 636(e)(1). That section provides that a "magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection." In civil cases where the parties have not consented to final judgment by the magistrate judge, contempt is governed by Section 636(e)(6)(B):

(6) Certification of other contempts to the district court.--Upon the commission of any such act--

. . . .

(B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where--

(i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,

(ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or

(iii) the act constitutes a civil contempt,

the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B).

The magistrate judge's role on a motion for contempt in non-consent cases is to certify facts relevant to the issue of contempt to the district judge. *See, e.g., Int'l Brotherhood of Elec. Workers, Local 474 v. Eagle Elec. Co., Inc.*, No. 06-2151, 2007 WL 622504, at *1, n.1 (W.D. Tenn. Feb. 22, 2007); *U.S. v. Ivie*, No. 05-2314, 2005 WL 1759727, at *1, n.1, and *2 (W.D. Tenn. June 14, 2005). *See also NXIVM Corp. v. Bouchey*, No. 1:11-mc-0058, 2011 WL 5080322, at *3 (N.D. N.Y. Oct. 24, 2011) (and cases cited therein). "The certification of facts under section 636(e) serves to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Telebrands Corp. v. Marc Glassman, Inc.*, No. 3:09-cv-734, 2012 WL 1050018, at *1 (D. Conn. Mar. 28, 2012) (quoting *Church v. Steller*, 35 F. Supp.2d 215, 217

(N.D. N.Y. 1999)).

**II. CERTIFIED FACTS**

The following facts are certified to the district court: Plaintiff Lykins Oil Company commenced this action on October 24, 2014, against defendants Jeff Hoskins, Hoskins Oil Company, LLC, and Legacy Transport, LLC alleging federal and state law claims. Defendants failed to answer or otherwise respond to the complaint and on April 13, 2015, the Court granted a default judgement in plaintiff's favor on counts one (civil theft) and six (civil conspiracy) of the complaint against all defendants, jointly and severally, in the amount of $1,953,086.73, plus interest. (Doc. 11). That judgment has not been paid in full.

In aid of the judgment, plaintiff moved for a judgment debtor examination of defendant Jeff Hoskins. (Doc. 38). On February 1, 2017, defendant Jeff Hoskins was ordered to appear in Court on February 27, 2017 for a judgment debtor exam to answer questions about his assets, income, expenditures, credits, and real and personal property. (Doc. 40). However, Mr. Hoskins failed to appear for the judgment debtor examination hearing.

On February 27, 2017, Mr. Hoskins was ordered to show cause why he should not be held in contempt of court for failing to appear for the judgment debtor examination. (Doc. 43). The Court ordered Mr. Hoskins to appear before the undersigned magistrate judge on March 21, 2017 to show cause why he should not be held in contempt of this Court. (Doc. 43). An acknowledgment of service of the Court's show cause order by certified mail on defendant Hoskins was docketed by the Clerk on March 9, 2017. (Doc. 44). Defendant Hoskins failed to appear at the March 21, 2017 hearing, failed to notify the Court that he would not be present, and failed to seek a continuance or otherwise object.

3

## III. ANALYSIS

Disobedience of a lawful court order may be punishable as contempt. *Glover v. Johnson*, 138 F.3d 229, 245 (6th Cir. 1998). The contempt power of the court "enforce[s] the message that court orders and judgments are to be complied with in a prompt manner." *IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987)). In a contempt proceeding, the moving party must demonstrate "by clear and convincing evidence that the party to be held in contempt violated a court order." *U.S. v. Conces*, 507 F.3d 1028, 1042 (6th Cir. 2007); *Gary's Elec. Serv. Co.*, 340 F.3d at 379. "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379. To satisfy this burden, "a defendant must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quotation omitted). The Court must consider whether the defendant "took all reasonable steps within his power to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quotation omitted).

In the instant case, defendant Jeff Hoskins' failure to appear before the Court after being ordered to do so by the undersigned magistrate judge constitutes disobedience of lawful court orders and thus contempt before the magistrate judge. *See United States v. Ivie*, 2005 WL 1759727, at *2 ("Contempts committed in 'a proceeding before a magistrate judge' include not only contempts committed in the magistrate judge's presence, but also contempts related to proceedings before the magistrate judge.") (citing *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 901 n. 17 & 902 n. 19 (3rd Cir. 1992)).

4

Accordingly, it is recommended that the district judge issue a show cause order to Jeff Hoskins to appear at a date certain before the district judge to show cause during a hearing why he should not be held in contempt of court for failing to obey the Court's February 27, 2017 Show Cause Order.

## IV. CONCLUSION

It is hereby **RECOMMENDED** that the district judge issue a show cause order to defendant Jeff Hoskins to appear at a date certain before the district judge to show cause during a hearing why he should not be held in contempt of court for failing to obey the Court's February 27, 2017 Show Cause Order.

Date: 3/29/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LYKINS OIL COMPANY,
    Plaintiff,

v.

HOSKINS OIL COMPANY, LLC, et al.,
    Defendants.

Case No. 1:14-cv-832
Bertelsman, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).